**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

EKATARINA ("KATE") VOROTNIKOVA BOZIC, MARIN BOZIC,

Plaintiffs,

v.

JACK & THE GREEN SPROUTS, INC.,

Defendant.

Case No. 26-cv-02154 (NEB/JFD)

**AMENDED PRETRIAL SCHEDULING ORDER**

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified only upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

## FACT DISCOVERY: DEADLINES AND LIMITATIONS

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **June 5, 2026.** If a party plans to satisfy any part of its Rule 26(a)(1) obligations by producing copies of initial disclosure documents, those copies must be produced on or before **July 3, 2026.**

2. Fact discovery shall be <u>commenced in time to be completed on or before</u> **February 26, 2027**.

3. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **40 document requests** and no more than **25 requests for admissions** shall be served by each side.

4. No more than **7** fact depositions shall be taken per side. This total does not include expert depositions but does include depositions of organizational-

1

designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

5.   No more than **2** Rule 35 medical examinations shall be taken, on or before **February 26, 2027**.

6.   Discovery of Electronically Stored Information.

The parties have discussed issues about preservation and disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced. The parties will inform the Court of any issues that arise related to electronic discovery.

7.   If the parties use the form protective order on the Court's website as a template for their own protective order, they should submit both the agreed-on protective order and a redline showing deviations from the Court's form order. (If the only change to the Court's form order is a change of caption and the insertion of the case name and file number as appropriate in the body of the protective order, then no redline need be submitted.)

8.   Claims of Privilege or Protection.

In responding to written discovery requests, the parties agree it shall not be necessary for their privilege logs to include their private written communications (emails, letters and text messages) sent to or received from their attorneys after September 1, 2025.

## EXPERT DISCOVERY: DEADLINES AND LIMITATIONS

1.   Each side may call up to **5** initial expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

a. Initial experts.

   i. The identity of any witness a party may use at trial to present evidence pursuant to Federal Rule of Evidence 702, 703, or 705 must be disclosed on or before **February 5, 2027**.

   ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **February 5, 2027**.

b. Rebuttal experts.

2

    i. The identity of any witness who may testify solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B) or (C) must be disclosed on or before **March 26, 2027**.

    **ii.** Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **March 26, 2027.**

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **May 28, 2027.**

## DEADLINES FOR FILING MOTIONS

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **September 18, 2026**.

2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **March 12, 2027**.

3. Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before **May 10, 2027**.

## NON-DISPOSITIVE MOTIONS: GUIDELINES

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both

sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to Docherty_chambers@mnd.uscourts.gov.** All non-dispositive motions shall be scheduled for hearing by emailing the Courtroom Deputy to Magistrate Judge Docherty, at Docherty_chambers@mnd.uscourts.gov, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

## DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES

All dispositive motions shall be filed by the moving party on or before **July 28, 2027**. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with

Local Rule 7.1.  Counsel shall schedule the hearing by calling Judge Brasel's Courtroom Deputy at 612-664-5050.

## **TRIAL**

This case shall be ready for a **jury** trial on **November 29, 2027.** The anticipated length of trial is **7** days.

Date: May 26, 2026

*s/ John F. Docherty*

JOHN F. DOCHERTY
United States Magistrate Judge